UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAREN RILEY,

    Petitioner,

v.

    Case No. 2:21-CV-11254
    Honorable Nancy G. Edmunds

MICHAEL BURGESS,

    Respondent.

_____/

**OPINION AND ORDER (1) AMENDING THE STIPULATED ORDERS STAYING THE PROCEEDINGS, (2) HOLDING IN ABEYANCE THE PETITION FOR A WRIT OF HABEAS CORPUS AND (3) ADMINISTRATIVELY CLOSING THE CASE.**

Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, through his counsel Mitchell T. Foster, challenging his conviction for assault with intent to do great bodily harm less than murder, first-degree home invasion, three counts of armed robbery, carrying a weapon with unlawful intent, and six counts of felony-firearm. Petitioner seeks relief on the claims he raised before the state courts on his appeal of right.

The parties previously entered two stipulated orders to stay the proceedings during the pendency of review of petitioner's criminal conviction by the Wayne County Prosecutor's Conviction Integrity Unit (CIU), and if unsuccessful with the CIU, while petitioner seeks post-conviction relief in the state courts.

For the reasons that follow, the Court amends the previous orders and stays the proceedings under the terms outlined in this opinion to clarify the deadline for petitioner's return to the state court if he is unsuccessful in obtaining relief from the CIU or the state courts on post-conviction review. The Court also administratively closes the case.

1

A federal district court is authorized to stay fully exhausted federal habeas petitions pending the exhaustion of other claims in the state courts. *See Bowling v. Haeberline,* 246 F. App'x 303, 306 (6th Cir. 2007)(a habeas court is entitled to delay a decision in a habeas petition that contains only exhausted claims "when considerations of comity and judicial economy would be served"); *see also Thomas v. Stoddard,* 89 F. Supp. 3d 937, 943 (E.D. Mich. 2015).

The Court will stay the proceedings and hold the petition in abeyance while petitioner seeks review of his conviction by the Conviction Integrity Unit and the state courts on post-conviction review.  The outright dismissal of the petition, even if it is without prejudice, might bar review of petitioner's claims in this Court due to the expiration of the one year statute of limitations contained in the Antiterrorism and Effective Death Penalty Act (AEDPA). *See* 28 U.S.C. § 2244(d)(1).  A common reason for holding a habeas petition in abeyance arises when the original petition was timely filed, but a second, exhausted habeas petition would be time barred by the AEDPA's statute of limitations. *See Hargrove v. Brigano,* 300 F.3d 717, 720-21 (6th Cir. 2002).

However, even where a district court determines that a stay is appropriate pending exhaustion, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines v. Weber*, 544 U.S. 269, 278 (2005).  The Court holds the petition in abeyance to allow petitioner to seek review of his conviction by the Wayne County Prosecuting Attorney's Conviction Integrity Unit and if unsuccessful with the CIU, by seeking post-conviction review in the state courts by filing a motion for relief from judgment.  This tolling is conditioned upon petitioner returning to federal court within thirty

2

days of the Conviction Integrity Unit issuing an adverse decision or petitioner being denied post-conviction relief, whichever comes later. *Hargrove,* 300 F.3d at 721.

### III.  ORDER

**IT IS ORDERED** that:

(1) The proceedings are **STAYED** and the Court holds the habeas petition in abeyance.  Petitioner shall move to reopen his habeas case within **30 day**s of any adverse decision by the Conviction Integrity Unit or the conclusion of state post-conviction review of his case, whichever comes later. Failure to do so will result in the Court lifting the stay and adjudicating the merits of the claims raised in petitioner's original habeas petition.

(2) To avoid administrative difficulties, the Clerk of Court shall **CLOSE** this case for statistical purposes only.  Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter. *See Thomas,* 89 F. Supp. 3d at 943-944.

(3) Upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court will order the Clerk to reopen this case for statistical purposes.

                                                    s/ Nancy G. Edmunds
                                                    NANCY G. EDMUNDS
Dated:  October 18, 2022              UNITED STATES DISTRICT JUDGE